UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ULANDA ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV01765 ERW |
| | ) | |
| MISSOURI DEPARTMENT OF SOCIAL | ) | |
| SERVICES, FAMILY SUPPORT | ) | |
| DIVISION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Missouri Department of Social

Services, Family Support Division's ("MDSS") Motion for a More Definite Statement [ECF No.

14].

I.      **BACKGROUND**

On May 22, 2012, Ulanda Adams ("Plaintiff") filed a Charge of Discrimination against

her employer, MDSS, with the Equal Employment Opportunity Commission ("EEOC") and the

Missouri Commission on Human Rights ("MCHR"), alleging discrimination based on race and

retaliation [ECF No. 1-1].  In this Charge, Plaintiff, a senior office support assistant, alleged that

she filed a complaint against her supervisor in September 2011, alleging racial discrimination

and harassment, and that she received a poor performance evaluation in March 2012 in retaliation

for filing her complaint.  She further alleged that her supervisor was instructed to correct her

evaluation, but that he changed it by only .2 or .3 points.  Plaintiff claimed that at the end of

February 2012, her supervisor instructed a Caucasian employee to assign work and give

directives to Plaintiff.  She stated that, in the past, the supervisor had treated black employees

differently and called them ignorant.  Plaintiff further claimed that, although her supervisor was

aware that she had a disability that required her "to stay stress free," he informed her in mid April

2012 that she had used all of her Family Medical Leave Act ("FMLA") time.  She alleged that,

when she inquired about her FMLA time, the Human Resources department informed her that

she had not exhausted her leave.  Plaintiff contended her supervisor misinformed her about her

FMLA time to exacerbate her condition, in retaliation for filing her prior complaint.

Thereafter, the MCHR and the U.S. Department of Justice issued Plaintiff  Right to Sue

letters, on September 26 and December 3, 2012, respectively [ECF Nos. 1, 1-1 at 4, 20].  Plaintiff

filed her Complaint with this Court on October 1, 2012 [ECF Nos. 1, 1-1 at 4].  In her pro se

Complaint, Plaintiff states that her employment discrimination lawsuit is based on race under

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.; and on

disability under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et

seq. [ECF No. 1].  She asserts that the racial discrimination occurred in January 2011, and that

the disability discrimination occurred in April 2012.  Plaintiff claims the discriminatory conduct

included retaliation, harassment, hostile work environment, and differing terms and conditions of

employment.  At the time of filing, Plaintiff attached to her Complaint a 100-page exhibit,

primarily consisting of copies of e-mail communications [ECF No. 1-2].  She subsequently filed

supplemental exhibits (consisting of more than 600 pages of miscellaneous e-mail

communications, handwritten documents, journal entries, letters, and memoranda) on October 23

and 29, November 27, and December 7, 2012 [ECF Nos. 6, 6-1, 7, 9, 10, 10-1 through 10-29].

II.     DISCUSSION

In its Motion for a More Definite Statement, MDSS contends that the allegations in the

"Summary of my case" portion of Plaintiff's Complaint far exceed the scope of the conduct

complained of in the Charge of Discrimination filed with the EEOC and the MCHR.  MDSS

asserts that the Plaintiff's summary contains allegations of conduct occurring years before the

incidents described in the Charge of Discrimination, and complains of types of discrimination not

included in the Charge, including allegations of disability discrimination.  MDSS states that

Plaintiff has filed previous Charges of Discrimination concerning the actions outlined in the

"Summary of my Case" portion of her Complaint and that she was issued prior Right to Sue

letters concerning that conduct.  MDSS further states that the time period to file a lawsuit based

on those prior Right to Sue letters has expired.  MDSS asks the Court to order Plaintiff to

identify the type of discrimination she is alleging and the corresponding discriminatory conduct.

As her Response, Plaintiff submitted a rambling letter, acknowledging the previously

filed EEOC Complaints, and her receipt of Right to Sue letters for those prior prior Complaints,

but failing to distinguish the previously reported conduct from conduct forming the basis for this

action [ECF No. 17].  Plaintiff's letter contains vague and confusing allegations that apparently

concern a Worker's Compensation claim and related work absences occurring between August

and October 2012 [ECF No. 17-1].  Plaintiff's response appears to allege discrimination based on

disability; it does not identify incidents of discriminatory conduct based on race.  Plaintiff

complains about being on a attendance plan, her placement under a different supervisor, and her

work assignments:

> [N]ot only have they been using my illness/disability against me, but also they
> have place me in a position to have extra work added on to me to try to place me
> under so much stress, that I cannot handle my job task, I have to pay medical bills
> first I was told only for Page office, but now, they have allowed all the County
> office to send their medical bills to me to Pay for the Seven Hills office, South
> County office and from the Jennings office which Jennings they just added
> starting January 2, 2013 and I was told verbally that I needed to back up my co-
> workers when they are out, and my work will have to be put on hold, but when I
> am out, my co-workers do not have to back me up for medical bill payments, and
> also I was told that I needed to help my co-workers if they become overwhelmed

3

with their work, regardless of if I have bills to get out or not, but then my
Supervisor turns around in the meeting and tells My co-worker Ms. Knox, Ms.
Owens that they do not have to be my back up for medical bills but I am to help
them if and when they become overwhelmed, so I am being treated with hostility
as well by Ms. Vandergriff, Ms. Francis not as much anymore, since she is seeing
what is going on, I am being mistreated and harassed, and discriminated against in
so many ways but mainly they are using my illness/disability against me on my
time usage when I have to be out ill, from flare-ups.

[ECF No. 17 at 4-5].

In its Reply, MDSS reasserts its inability to ascertain what conduct Plaintiff is alleging to

have violated her rights, and contends that without some clarification, it cannot properly prepare

a defense [ECF No. 18].  Plaintiff responded to MDSS's Reply on January 23, to explain why

she did not pursue an employment discrimination action after receiving a Right to Sue Letter in

2011 [ECF No. 19].  Plaintiff alleges that she "put two & two together and realized they all were

working together.  EEOC, Mo Dept of Soc. Serv. and Mo. Commission on Human Rights I was

set up to be confused, that is why the Right to Sue Letter from 2011 was bypassed, they worked

together to confuse me to mess up my case."  Plaintiff says that "the main issue that I filed with

US Courts (disability discrimination) had not arised yet till 2012."  She filed supplemental

exhibits on February 11 and 19, 2013 [ECF Nos. 21, 22].

MDSS's point is well taken.  Plaintiff's allegations not only greatly exceed the scope of

the Charge of Discrimination she presented to the EEOC and the MCHR; her narrative is also

vague and confusing, with many irrelevant statements.  The Charge of Discrimination filed by

Plaintiff on May 22, 2013, alleged discrimination based on race and retaliation, not disability; yet

the gravamen of her Complaint appears to be that she is experiencing discrimination on the basis

of a disability.  Additionally, the Charge's allegations concerned behavior that had occurred

during the months of  February, March and April 2012, after Plaintiff filed a complaint of racial

discrimination and harassment against her supervisor in September 2011.  Plaintiff's rambling

Complaint, in contrast, contains digressive allegations concerning actions ranging back through 2010, which, to the best of the Court's ability to discern, appear to be irrelevant to the issues presented to the EEOC and the MCHR, and to be untimely raised.  Plaintiff has acknowledged her filing of previous Charges in August 2011, her receipt of a Right to Sue letter after her filing of the grievance [*see  also* ECF No. 10-15 at 1(letter acknowledging notice of grievance filed with Social Services' Office for Civil Rights received in September 2011)], and her failure to prosecute her complaint thereafter.   To further confuse the matter, Plaintiff has filed as supplements to her pleading, a plethora of e-mail strings, copies of monthly calendar pages from 2011, and miscellaneous unidentified documents dating back through 2009, with no coherent explanation of their relevance or significance.  As mentioned, Plaintiff now asserts that she was discriminated on the basis of disability, instead of the bases she presented in her May 2013 Charge of Discrimination filed with the EEOC and the MCHR, and her pleadings additionally contain allegations apparently concerning a worker's compensation claim.

"The purpose of filing a charge with the EEOC is to provide the Commission an opportunity to investigate and attempt a resolution of the controversy through conciliation before permitting the aggrieved party to pursue a lawsuit."  *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988).  " Although a charge of discrimination may be amended to clarify or amplify its allegations or include additional acts, with the amendments relating back to the date the charge was first received, "[t]he sweep of any subsequent judicial complaint" may be only as broad as the scope of the EEOC "investigation which could reasonably be expected to grow out of the charge of discrimination."  Plaintiff's Complaint greatly exceeds the scope of any investigation that could reasonably be expected to grow out of the Charge of Discrimination she filed with the EEOC and MCHR.  Even more significantly, her Complaint contains numerous irrelevant

5

statements, and the allegations of her Complaint, in sum, are so vague confusing as to make it impossible for MDSS to prepare a proper defense.

The Court will grant MDSS's Motion for a More Definite Statement.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Missouri Department of Social Services, Family Support Division's Motion for a More Definite Statement [ECF No. 14] is **GRANTED.** Plaintiff shall file, within twenty (20) days of this Order, an amended Complaint setting forth the theory of her case and the allegations corresponding to the conduct and time period that falls within the scope of the Charges of Discrimination filed with the EEOC and MCHR on May 22, 2012.  Failure to do so will result in dismissal of this action.  Plaintiff is further instructed that her amended Complaint shall not include the supplemental materials previously filed with the Court (including, but not limited to, ECF Nos. 1-2, 6, 6-1, 7, 9, and 10-1 through 10-29), or any similar evidentiary documents.

Dated this   11th   day of March, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE