UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ULANDA ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:12CV01765 ERW |
| | ) |
| MISSOURI DEPARTMENT OF SOCIAL | ) |
| SERVICES, FAMILY SUPPORT | ) |
| DIVISION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Missouri Department of Social Services, Family Support Division's ("MDSS") Motion to Dismiss [ECF No. 25].

### I. BACKGROUND[1]

On May 22, 2012, Ulanda Adams ("Plaintiff") filed a Charge of Discrimination against her employer, MDSS, with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"), alleging discrimination based on race and retaliation [ECF No. 1-1]. In this Charge, Plaintiff, a senior office support assistant, alleged that she filed a complaint against her supervisor in September 2011, alleging racial discrimination and harassment, and that she received a poor performance evaluation in March 2012 in retaliation for filing her complaint. Plaintiff claimed that at the end of February 2012, her supervisor instructed a Caucasian employee to assign work and give directives to Plaintiff. She stated that, in the past, the supervisor had treated black employees differently and called them ignorant.

---

[1]Electronic case filing citations for many of the background facts used herein can be found in the Court's March 22, 2013 Order [ECF No. 23].

Plaintiff further claimed that, although her supervisor was aware that she had a disability that required her "to stay stress free," he informed her in mid April 2012 that she had used all of her Family Medical Leave Act ("FMLA") time. Plaintiff contended her supervisor misinformed her about her FMLA time to exacerbate her condition, in retaliation for filing her prior complaint.

Thereafter, the MCHR and the U.S. Department of Justice issued Plaintiff Right to Sue letters, on September 26 and December 3, 2012, respectively. Plaintiff filed her Complaint with this Court on October 1, 2012. In her pro se Complaint, Plaintiff states that her employment discrimination lawsuit is based on race under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.; and on disability under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq. She asserts that the racial discrimination occurred in January 2011, and that the disability discrimination occurred in April 2012. Plaintiff claims the discriminatory conduct included retaliation, harassment, hostile work environment, and differing terms and conditions of employment. At the time of filing, Plaintiff attached to her Complaint a 100-page exhibit, primarily consisting of copies of e-mail communications. She subsequently filed supplemental exhibits (consisting of more than 600 pages of miscellaneous e-mail communications, handwritten documents, journal entries, letters, and memoranda) on October 23 and 29, November 27, and December 7, 2012.

MDSS filed a Motion for a More Definite Statement on January 3, 2013. In its Motion for a More Definite Statement, MDSS contended that the allegations in the "Summary of my Case" portion of Plaintiff's Complaint far exceeded the scope of the conduct complained of in the Charge of Discrimination filed with the EEOC and the MCHR. MDSS asserted that the Plaintiff's summary contains allegations of conduct occurring years before the incidents described in the Charge of Discrimination, and complains of types of discrimination not included

in the Charge, including allegations of disability discrimination. MDSS stated that Plaintiff had filed previous Charges of Discrimination concerning the actions outlined in the "Summary of my Case" portion of her Complaint and that she was issued prior Right to Sue letters concerning that conduct. MDSS further stated that the time period to file a lawsuit based on those prior Right to Sue letters had expired. MDSS asked the Court to order Plaintiff to identify the type of discrimination she is alleging and the corresponding discriminatory conduct.

As her Response to the Motion for a More Definite Statement, Plaintiff submitted a rambling letter, acknowledging the previously filed EEOC Complaints, and her receipt of Right to Sue letters for those prior Complaints, but failing to distinguish the previously reported conduct from conduct forming the basis for this action. Plaintiff's letter contained vague and confusing allegations that apparently concerned a Worker's Compensation claim and related work absences occurring between August and October 2012, and it did not identify incidents of discriminatory conduct based on race.

Plaintiff's allegations not only greatly exceeded the scope of the Charge of Discrimination she presented to the EEOC and the MCHR; her narrative was also vague and confusing, with many irrelevant statements. Additionally, Plaintiff filed as supplements to her pleading, a plethora of e-mail strings, copies of monthly calendar pages from 2011, and miscellaneous unidentified documents dating back through 2009, with no explanation of their relevance or significance. This Court determined that Plaintiff's Complaint greatly exceeded the scope of any investigation that could reasonably be expected to grow out of the Charge of Discrimination she filed with the EEOC and MCHR. It further found that her Complaint contained numerous irrelevant statements, and concluded that the allegations of her Complaint were so vague and confusing as to make it impossible for MDSS to prepare a proper defense.

3

Consequently, the Court granted MDSS's Motion for a More Definite Statement on March 11, 2013, and ordered Plaintiff to file, within twenty days of its Order, an amended Complaint setting forth the theory of her case and the allegations corresponding to the conduct and time period that fell within the scope of the Charges of Discrimination filed with the EEOC and MCHR on May 22, 2012 [ECF No. 23]. The Order further instructed that failure to do would result in dismissal of the action [ECF No. 23 at 6].

Plaintiff failed to comply with the Court's Order, and, on April 18, 2013, MDSS filed a Motion to Dismiss [ECF No. 25]. In its Motion to Dismiss, MDSS moves the Court to dismiss with prejudice Plaintiff's Complaint due to her failure to file an amended Complaint in compliance with the March 11, 2013 Order.

Upon review of record, the Court found that Plaintiff failed to file a Response to the pending Motion to Dismiss, and, on May 21, 2013, the Court ordered Plaintiff to show cause, no later than June 14, 2013, why MDSS's Motion to Dismiss should not be granted [ECF No. 26]. Plaintiff filed a Response on June 6, but her pleading fails to provide any reason for her failure to file a responsive pleading to MDSS's Motion to Dismiss [ECF No. 27]. Instead, Plaintiff raises additional allegations; states that she has been on medical or disability leave since March 24, 2013, has applied for long-term disability benefits, and is awaiting disability approval. Plaintiff further declares:

> So whatever decision is made I will be satisfied. I do not plan on returning to work at FSD – They put me throug[h] a lot of stress and drama, they harassed me daily, the[y] were always in retaliation made against me, so when I left they were all happy because they won[.] I left my job, and that is what they wanted me to do, putting me under Linda Vandergriff, a hateful Tyrant, and Ms. Francis was her puppet on a string[.]

[ECF No. 27 at 5-6]. Plaintiff states at one point, "I apologize for wasting you all's time sending in paperwork that was 'a bunch of mumbling words'" [ECF No. 27 at 6]. Plaintiff concludes:

> So I know this will be good news to them, that once again the[y] <u>WON</u> making me leave my job but they covered it up, they (management at Page) really wish I did not get any help but Thank God for Ms. Tremain[.] I am at peace where I am, and I am able to take my meds and fu[n]ction a little better than I was functioning work[ing] at that job under those mean people.

[ECF No. 27 at 7].

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss a case for failure to prosecute a claim or comply with a court order. Fed. R. Civ. P. 41(b). Unless stated otherwise, such a dismissal operates as an adjudication on the merits. *Id.* Because dismissal with prejudice is an extreme sanction, it should be employed only in cases of willful disobedience of a court order or persistent failure to prosecute a complaint. *Rodgers v. Curators of the Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998). However, the court need not find that the party acted in bad faith, only that he or she acted intentionally as opposed to accidentally or involuntarily. *Id.* When exercising its discretionary power to dismiss, the court considers "whether in the particular circumstances of the case the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant his day in court." *Id.*

The Court is mindful of the liberal pleading practices to be observed for pro se litigants. However, Plaintiff has committed a series of intentional acts that have made it impossible for MDSS to prepare a defense, delayed the progress of the litigation, and resulted in a failure to comply with the Court's procedures and orders on two occasions. The Court provided Plaintiff the opportunity to file an amended Complaint and expressly warned her that failure to do so would result in dismissal. When she failed to file an amended pleading, MDSS filed a Motion to Dismiss, which Plaintiff ignored. Although the Court ordered Plaintiff to explain why she failed

to respond, she provided no reason.  Furthermore, Plaintiff's actions, and the language of her Response suggest that she has abandoned her prosecution, and could be interpreted as a voluntary dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Missouri Department of Social Services, Family Support Division's Motion to Dismiss [ECF No. 25] is hereby **GRANTED.**  Plaintiff's Complaint [ECF No. 1] is **DISMISSED with prejudice.**

Dated this   1st   day of July, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE